**Valerie Kay ROLLO, Plaintiff and Appellant,**

v.

**Ricky Klien ROLLO, Defendant and Respondent.**

No. 18605.

Supreme Court of Utah.

March 25, 1983.

Willard R. Bishop, Cedar City, for plaintiff and appellant.

Ricky Klien Rollo, pro se.

PER CURIAM:

This appeal stems from a judgment rejecting specific performance of that part of a divorce decree in which defendant was obligated to pay $3,600, being one-half of a loan from his grandmother, which loan was secured by a second mortgage executed by the parties. The loan was obtained to make the down payment on a house and lot the parties bought during the marriage. The property was awarded to plaintiff in the divorce decree in the following language: "To the plaintiff: ... 2) the homestead located at 336 West Sunbow." The second mortgage, as well as a subsisting first mort-

gage, described the awarded home by metes and bounds, as "Lot 3, Block 1 Sun Bow Subdivision, Cedar City, Utah." This same description was used in a quitclaim deed signed and delivered by the defendant to plaintiff in compliance with and in aid of the award of the property to the plaintiff.

The plaintiff, after the divorce, found it necessary to sell the property and, in doing so, to satisfy and release the second mortgage. She asked defendant to pay his half of the loan as he was required to do under the decree. The defendant refused and the plaintiff paid the second mortgage debt herself, after which she sought reimbursement of the $3,600 defendant was obligated to pay under the judgment.

In refusing to order such reimbursement, the trial court attached an unwarranted meaning to the word "homestead" in the description of what was awarded in the decree. The court said "homestead" meant only the equitable, statutory right to secure the "homestead" amount stated in the statute incident to a sale on execution to satisfy creditors. The record is devoid of any fact or document or statement that would support such an interpretation. The language of the award says nothing about a statutory "homestead" right.[1] On the contrary, it describes property at a specific street address, and the second mortgage and defendant's deed to plaintiff more specifically described the property in issue here by block, lot and subdivision in Cedar City, Utah.

The judgment denying the motion for reimbursement of $3,600 to plaintiff is reversed, and the case remanded with instructions to enter judgment requiring reimbursement of such amount to the plaintiff, together with applicable interest. No costs on appeal are awarded.

---

1. U.C.A., 1953, § 78–23–4 provides that if one does not declare a homestead right, his conveyance of the property passes title free and clear of homestead rights. Cf. U.C.A., 1953, § 75–2–401.